FILED
CLERK, U.S. DISTRICT COURT
APRIL 10, 2024
CENTRAL DISTRICT OF CALIFORNIA
BY: ___AF___ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

　　Plaintiff,

　　v.

JUAN JOSE MARTINEZ,

　　Defendant.

Case No.  ED 24-MJ-161

ORDER OF DETENTION

[Fed. R. Crim. P. 32.1(a)(6); 18 U.S.C. §§ 3143(a)(1), 3148(b)]

I.

On April 10, 2024, Defendant Juan Jose Martinez made his initial appearance in this district following his arrest on the petition for violation of the conditions of supervised release and warrant for arrest issued in the Southern District of California on October 11, 2023.  Deputy Federal Public Defender, Christine O'Conner, was appointed to represent Defendant.  The government was represented by Special Assistant U.S. Attorney, Stephanie Orrick.  Defendant submitted on the detention recommendation in the Pretrial Services Report.

II.

Pursuant to Federal Rule of Criminal Procedure 32.1(a)(6) and 18 U.S.C. § 3143(a) following Defendant's arrest for alleged violation(s) of the terms of Defendant's ☐ probation / ☒ supervised release,

The Court finds that :

A. ☒ Defendant has not carried his burden of establishing by clear and convincing evidence that Defendant will appear for further proceedings as required if released [18 U.S.C. § 3142(b-c)]. This finding is based on:

☒ allegations in the petition: Defendant failed to comply with the conditions of supervised release by failing to report as instructed on August 18, 2023, at the commencement of his third term of supervised release, and also failed to report as instructed on October 4, 2023, after speaking to the Probation Officer by phone on October 3, 2023 and agreeing to report the following day. Defendant appears to have absconded from supervision.

☒ use of aliases and aka's

☒ history of non compliance with conditions of release.

B. ☒ Defendant has not carried his burden of establishing by clear and convincing evidence that Defendant will not endanger the safety of any other person or the community if released [18 U.S.C. § 3142(b-c)]. This finding is based on:

☒ criminal history includes drug related convictions and violations of parole and supervised release.

☒ allegations in the petition (see above)

III.

IT IS THEREFORE ORDERED that the defendant is remanded to the custody of the U.S. Marshal to be removed to the Southern District of California.

<u>The Court directs government counsel to follow up with government counsel in the charging district regarding Defendant's next scheduled date, and provide this information to DFPD O'Connor in order to monitor the status of defendant's transportation to, and arrival in, the charging district for his next appearance.</u>

The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i)]

Dated: April 10, 2024

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE